UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALONZO JAMICHAEL SEVERSON,<br><br>                Plaintiff,<br><br>   v.<br><br>SHEIN, et al.,<br><br>                Defendants. | CASE NO. C25-1264-KKE<br><br>ORDER DECLINING TO SERVE AND PROVIDING LEAVE TO AMEND THE COMPLAINT |

This matter comes before the Court upon *sua sponte* 28 U.S.C. § 1915(e)(2) review of Plaintiff's lawsuit against Defendants Shein, Tik Tok, and Samsung. Dkt. No. 5. Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") which was granted by the Honorable Brian A. Tsuchida, U.S. Magistrate Judge. Dkt. Nos. 3, 4.

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (applying § 1915 review to non-prisoner IFP filers). Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The complaint must contain factual allegations sufficient "to raise a right to relief above the

ORDER DECLINING TO SERVE AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 1

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a)(1)–(2) (requiring a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff filed this complaint using the form for a non-prisoner civil rights complaint and asserts violations of the Prioritizing Resources and Organization for Intellectual Property Act of 2008 ("PRO-IP Act") and copyright infringement. Dkt. No. 5 at 3, 5. Plaintiff alleges Defendants "used stolen intellectual property to gain extreme success and countless dollars." *Id.* at 4. Plaintiff also asserts the events of this case arose in the King County Jail in 2016. *Id.* He seeks ten trillion dollars from each Defendant. *Id.* at 5.

Because Plaintiff is *pro se*, the Court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Nevertheless, Plaintiff's complaint is subject to dismissal because he has not alleged sufficient facts to "raise [his] right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see* 28 U.S.C. § 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that…the action of appeal…fails to state a claim on which relief may be granted"). Plaintiff does not identify what intellectual property was allegedly stolen, that he owns or has rights to the stolen intellectual property, or how that property is currently being used by Defendants. Accordingly, Plaintiff fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

ORDER DECLINING TO SERVE AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 2

The Court therefore declines to issue summons at this time. But the Court GRANTS Plaintiff leave to file an amended complaint. If he does so, he must articulate both the legal and factual basis supporting his claims. The amended complaint will act as a complete substitute for the original complaint. If Plaintiff fails to file an amended complaint and/or fails to adequately address the issues identified in this order, the Court may dismiss this action.

Plaintiff shall file his amended complaint, if any, no later than September 17, 2025.

The Clerk is directed to send uncertified copies of this Order to Plaintiff with a copy of the Pro Se Guide to Filing Your Lawsuit in Federal Court at said party's last known address.

Dated this 25th day of August, 2025.

Kymberly K. Evanson
United States District Judge